**WM. T. BURNETT & CO., INC., Plaintiff,**

v.

**CUMULUS FIBRES, INC., Defendant.**

Civ. A. No. St–C–90–91.

United States District Court, W.D. North Carolina.

May 25, 1993.

William L. Rikard, Jr., Parker Poe Adams & Bernstein, Charlotte, NC and Theodore A. Breiner, Breiner & Breiner, Alexandria, VA, for plaintiff.

Jeffrey J. Davis, Moore & Van Allen and W. Thad Adams, III, Charlotte, NC, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MULLEN, District Judge.

Plaintiff Wm. T. Burnett & Co., Inc. has moved the Court under Rule 56, *F.R.Civ.P.*, for summary judgment on Counts I and II of its complaint. The Court having considered the motion papers submitted on this motion and having heard oral argument on April 14, 1992, now renders these findings of fact and conclusions of law granting Burnett's motion.

### Nature of the Case and The Parties

1. This is a civil action under 35 U.S.C. § 146 by plaintiff Wm. T. Burnett & Co., Inc. ("Burnett") based on its dissatisfaction with the decision of the U.S. Patent and Trademark Office ("PTO") Board of Patent Appeals and Interferences ("Board") dated May 9, 1990 in the patent interference proceeding styled *Troy L. Brooks v. Robert L. Street,* Interference No. 101,974.

2. Burnett is a Maryland corporation having places of business in Baltimore, Maryland and Statesville, North Carolina. Burnett was the real party in interest in the patent application of Troy L. Brooks in the interference.

3. Defendant Cumulus Fibres, Inc. ("Cumulus") is a North Carolina corporation having a place of business in Charlotte, North Carolina. Cumulus was the real party in interest in U.S. Patent No. 4,668,562 in the name of Robert L. Street in the interference.

4. Burnett and Cumulus have settled this matter between the parties.

### Issue

5. The issues before the Court on this motion for summary judgment are whether the Board erred in finding claims 1 through 17 of the Burnett patent application involved in the interference unpatentable and whether the Burnett patent application should be remanded to the Patent Office Examiner for further examination.

### Background Of The Case

6. Burnett is the owner of U.S. Patent Application Serial No. 880,276 (the "Burnett Application"), filed June 30, 1986, in the name of Troy L. Brooks which is directed to a densified batting product useful in, *inter alia,* furniture cushions and the like.

7. Cumulus is the owner of U.S. Patent No. 4,668,562 (the "Cumulus Patent"), issued May 26, 1987, in the name of Robert L. Street and also directed to a densified batting product. The Cumulus Patent covers, in part, the same invention as the Burnett Application.

8. At Burnett's request, the PTO instituted Interference No. 101,974 (the "Interference") on August 30, 1988 between the Burnett Application and the Cumulus Patent to determine priority of invention between Messrs. Brooks and Street, i.e. who invented the claimed densified batting product and was entitled to a patent thereon.

9. The count which was the subject of the Interference was based on claims 18 through 23 of the Burnett Application and claims 1–6 of the Cumulus Patent (all the claims of the Cumulus Patent). Claims 1–17 of the Burnett Application were not in the Interference.

10. Burnett filed a motion for judgment in the Interference under 37 C.F.R. § 1.633(a) on the ground that Brooks was the inventor of the densified batting product defined in the count and not Street based on this admission by Street.

11. Cumulus filed, *inter alia,* a motion under 37 C.F.R. § 1.633(c)(3) to redefine the interfering subject matter by designating claims 1–17 of the Burnett Application as also corresponding to the count, and a motion for judgment under 37 C.F.R. § 1.633(a) on the ground that claims 1–23 of the Burnett Application were not patentable.

12. By decision dated November 9, 1990, the Examiner–In–Chief ("EIC") responsible for the Interference granted Burnett's motion for judgment finding that Mr. Street did

not invent the densified batting product defined in the count and claimed in the Cumulus Patent.

13. Notwithstanding the grant of judgment in favor of Burnett, the EIC further decided, *inter alia,* the Cumulus motion to redefine the interfering subject matter and the Cumulus motion for judgment. The EIC granted the Cumulus motion to redefine and added claims 1–17 of the Burnett Application as corresponding to the count and as part of the Interference. The EIC then decided the patentability of claims 1 through 23 of the Burnett Application and held that all of the claims were unpatentable.

14. The Board entered judgment in the Interference finding priority of invention in favor of Burnett and also finding that claims 1–23 of the Burnett Application were unpatentable. Burnett has timely appealed the Board's decision to this Court under 35 U.S.C. § 146.

15. In Count I of its complaint, Burnett asserts that the action of the EIC and the Board in finding claims 1–17 unpatentable is in error as a matter of law on the ground that the Cumulus motion for judgment as to claims 1–17 was procedurally improper under 37 C.F.R. § 1.633(a).

16. In Count II, Burnett asserts that by reason of the Board's actions in the Interference, Burnett was denied due process of law in that it was never afforded its right to respond to the rejection of, *inter alia,* claims 1–17 in accordance with 35 U.S.C. § 132.

*Jurisdiction of the Court*

17. Burnett alleges jurisdiction over the subject matter of the complaint under 28 U.S.C. § 1338 and 35 U.S.C. § 146. The Patent and Trademark Office was given notice of this action pursuant to 35 U.S.C. § 146.

18. The Patent and Trademark Office elected not to participate in this action.

19. However, subsequent to filing the Burnett motion for summary judgment, the Solicitor for the PTO requested that Burnett provide him with copies of the Burnett motion for summary judgment. In response thereto, the Solicitor directed a correspon-

dence to counsel for Burnett questioning the binding effect of a decision of this Court on the PTO. Burnett responded to the PTO that this Court decision is binding on the PTO and has provided the correspondence to the Court.

20. Section 1338, Title 28, United States Code, provides this Court with original jurisdiction over any civil action arising under an Act of Congress relating to, *inter alia,* patents. Section 146, Title 35, United States Code, provides for the appeal of a adverse decision of the Board's decision to this court.

21. The Court has jurisdiction over the present appeal. The PTO was notified of this case and had the opportunity to participate herein. The decision by the Court herein is binding on the PTO pursuant to 35 U.S.C. § 146.

*Summary Judgment As To Count I*

■ 22. 37 C.F.R. § 1.633(a) provides in pertinent that—

"A party may file the following preliminary motions:

(a) A motion for judgment on the ground that an *opponent's claim corresponding to a count is not patentable to the opponent.* In determining a motion filed under this paragraph, a claim may be construed by reference to the prior art of record ..."

Therefore, a preliminary motion for judgment of unpatentability is only proper as to the claims *then* corresponding to the count of the interference.

23. As set forth above, Burnett filed a preliminary motion for judgment on the ground that the count of the interference was not patentable to Robert L. Street because he was not the inventor of the claimed invention as admitted by Mr. Street. Cumulus filed a motion to redefine the interference by requiring Burnett to designate claims 1 through 17 of the Burnett Application as corresponding to the count and a motion for judgment on the ground that claims 1 through 23 of the Burnett Application were not patentable.

24. The Board granted Burnett's motion for judgment and found that Street was not the inventor of the inventions claimed in the

Cumulus Patent. The interference should have been dissolved at this point and the Burnett Application remanded to the Examiner for further examination.

25. The Board erred as a matter of law in considering the Cumulus motion for judgment of claims 1 through 17. § 1.633(a) provides only for the filing of a preliminary motion for judgment "on the ground that an opponent's claims *corresponding to a count* is not patentable to the opponent" (emphasis added). At the time of the Cumulus motion for judgment, the Burnett claims corresponding to the count of the interference were claims 18 through 23 of the Burnett Application. These were the only claims ripe for consideration and interpretation by the Board. The Board's determination that claims 1 through 17 are not patentable must be reversed and the Burnett Application remanded to the patent examiner for further consideration of the patentability of claims 1 through 17 pursuant to 35 U.S.C. § 132.

*Summary Judgment As To Count II Is Proper*

26. Summary judgment as to Count II is also proper. Burnett was not accorded due process of law under 35 U.S.C. § 132 and 37 C.F.R. §§ 1.633(a). As set forth above, the Board improperly considered the patentability of claims 1 through 17. Further, the Board did not provide Burnett its right to present evidence of patentability and/or to amend its claims under 35 U.S.C. § 132.

*Conclusions of Law*

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1338 and 35 U.S.C. § 146.

2. There are no genuine issues of material fact in dispute and Burnett is entitled to judgment as a matter of law on Counts I and II of its complaint.

3. The Court reverses the Board's decision of patentability of claims 1 through 17 of the Burnett Application and orders the PTO and the Board to remand the Burnett Application to the Examiner for further consideration of the patentability of claims 1 through 17 pursuant to 35 U.S.C. § 132.

4. In view of the PTO's statements concerning jurisdiction of this Court over this matter and the PTO, the Court will maintain jurisdiction over this case until acted on by the PTO. If the PTO refuses to act in accord with this decision, Burnett may apply for leave for further relief in this matter.

5. A separate order will be entered.

## ORDER

In accordance with the foregoing Findings Of Fact And Conclusions Of Law and for the reasons stated therein; it is this 21st day of May, 1993, by the United States District Court for the Western District of North Carolina **ORDERED:**

1. That plaintiff Wm. T. Burnett & Co., Inc.'s motion for summary judgment on Counts I and II of the complaint is **GRANTED;**

2. That the United States Patent Office Board of Patent Appeals and Interferences decision in Interference No. 101,974 finding claims 1 through 17 of Burnett's U.S. Patent Application Serial No. 880,276 unpatentable is **REVERSED** and the Board is **ORDERED** to remand these claims and the Burnett application to the Examiner for further consideration;

3. That the Clerk of Court shall maintain this case on the Court's docket until this Order is complied with by the Patent Office; and

4. That the Clerk of Court shall mail copies of the foregoing Findings of Fact and Conclusions of Law and this Order to all counsel of record and to the Commissioner of the United States Patent and Trademark Office.